**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**   ) | |
| ) | |
| **Respondent/Plaintiff,**   ) | |
| ) | |
| v.   ) | Case No. 03-40053-02-JAR |
| ) | 11-4163-JAR |
| **JOHN E. McNEILL,**   ) | |
| ) | |
| **Movant/Defendant.**   ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner John E. McNeill's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 396). The government has responded (Doc. 398) and McNeill has filed a reply (Doc. 403). After a careful review of the record and the arguments presented, the Court dismisses McNeill's motion as untimely.

**I.    Background**

On May 21, 2003, the Topeka, Kansas grand jury charged McNeill and three co-defendants with possessing with the intent to distribute 100 grams or more of PCP, in violation of 21 U.S.C. § 841(b)(1)(A) (Count 1); and conspiring to distribute 100 grams or more of PCP, in violation of 21 U.S.C. § 846 (Count 2). Each offense carried a mandatory minimum penalty of ten years under 21 U.S.C. § 841(b)(1)(A).

Prior to trial, the government filed an Information under 21 U.S.C. § 851, notifying the Court that McNeill had been convicted of the offense of Attempted Unlawful Possession with Intent to Distribute a Controlled Substance, Cocaine, in the Superior Court of the District of

Columbia, District of Columbia, on or about October 28, 1996.[1] On November 26, 2003, a jury found McNeill guilty of both counts of the Indictment.[2]

The Presentence Investigation Report ("PSR") determined that McNeill's base offense level was 34 and his Criminal History Category was I, yielding a Guidelines sentencing range of 151 to 188 months.  Because the government filed the § 851 Information regarding McNeill's prior conviction, however, he faced a statutory mandatory minimum sentence of 20 years' imprisonment.

This Court sentenced McNeill on February 23, 2004.  At the sentencing hearing, McNeill acknowledged that he had been convicted of the offense referenced in the § 851 Information.[3]  In imposing sentence, the Court disregarded the calculated Guidelines sentence and imposed the 20 year mandatory minimum sentence, as required by law.[4]  Judgment was entered February 27, 2004.[5]

The Tenth Circuit Court of Appeals denied McNeill's direct appeal on June 17, 2005, affirming the judgment.[6]  McNeill subsequently petitioned the United States Supreme Court for a

---

[1] Doc. 81.

[2] Doc. 111.

[3] Sent. Hr'g Tr., Doc. 156 at 14–16

[4] *Id*. at 5; *see* 21 U.S.C. § 841(b)(1)(A)(iv) (stating penalty for qualifying offense involving 100 grams or more of PCP "may not be less than 20 years and not more than life imprisonment" where defendant committed the offense "after a prior conviction for a felony drug offense has become final").  "Felony drug offense" is defined as a drug-related "offense that is punishable by imprisonment for more than one year under any law . . . of a State." 21 U.S.C. § 802(44).

[5] Doc. 126.

[6] *United States v. McNeill*, 136 F. App'x 153 (10th Cir. 2005).

writ of certiorari, which the Court denied on February 21, 2006.[7]

On November 14, 2011, McNeill filed the instant § 2255 motion seeking to vacate his sentence. The key question presented by McNeill's motion is whether he had been convicted of a prior offense "punishable by a term of imprisonment exceeding one year," resulting in this Court erroneously enhancing his sentence. The government has responded that the Court need not reach the merits of McNeill's claim because his § 2255 motion is untimely.

## II.  Discussion

### *Standards*

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[8] Because

---

[7]Docs. 189, 216.

[8]28 U.S.C. § 2255(b).

McNeill appears *pro se*, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[9]  If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[10]  However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[11]  For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[12]

### *Statute of Limitations*

Section 2255(f) provides a one-year limitations period, which generally runs from "the date on which the judgment of conviction becomes final."[13]  That is not the case, however, where the § 2255 motion involves a right newly recognized by the Supreme Court that is made retroactively applicable to cases on collateral review.  Under those circumstances, the one-year limitations period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[14]

McNeill's conviction became final on February 21, 2006, when the Supreme Court denied his petition for certiorari.  McNeill does not contest that his § 2255 motion was filed

---

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id.*

[11] *Id.*

[12] *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[13] 28 U.S.C. § 2255(f)(1).

[14] 28 U.S.C. § 2255(f)(3).

outside the one-year deadline but claims that the timeliness of his motion is governed by the newly recognized right set forth by the Supreme Court and the Fourth Circuit Court of Appeals regarding qualification of a prior conviction as a felony, under which his prior conviction for Attempted Unlawful Possession with Intent to Distribute a Controlled Substance, Cocaine, no longer qualifies as a "prior conviction for a felony drug offense" under 21 U.S.C . § 841(b)(1)(a).

On June 14, 2010, the Supreme Court issued a decision in *Carachuri-Rosendo v. Holder*,[15] which held that to qualify as a prior "aggravated felony" the defendant must have been actually convicted of a crime that is itself punishable as a felony under federal law, and the mere possibility that defendant could have received a felony conviction under some hypothetical scenario is not enough.[16] On August 17, 2011, the Fourth Circuit issued an en banc decision in *United States v. Simmons* recognizing that the *Carachuri* rule applied retroactively to cases on collateral review.[17] Overruling prior Fourth Circuit precedent that required a court to consider the maximum aggravated sentence that any defendant charged with that crime could receive, the *Simmons* court held that a court must look to the maximum punishment that the particular offender could have received in determining whether a prior North Carolina conviction may serve as a predicate felony for federal sentencing purposes.[18]

McNeill argues that he does not rely on *Carachuri* but rather *Simmons* as entitling him to the benefit of the limitations period provided by § 2255(f)(3). McNeill contends that the

---

[15]—U.S.—, 130 S. Ct. 2577 (2010).

[16]*Id*. at 2579–80.

[17]649 F.3d 237, 240 (4th Cir. 2011); *Farrior v. United States*, — F. Supp. 2d —, 2011 WL 5921373 at *1–2 (E.D. N.C. Nov. 7, 2011).

[18]*Simmons*, 649 F.3d at 246–49.

language in § 2255(f)(3) requiring the newly created right be made retroactive does not require the retroactivity question to be decided "<u>only</u> by the Supreme Court, [and that] <u>any</u> federal Court [sic] can make the retroactivity decision for the purpose of § 2255(f)(3)."[19]  Thus, McNeill argues, the one-year statute of limitations for his *Carachuri* claim did not begin to run upon the Supreme Court's decision on June 14, 2010, but instead upon the Fourth Circuit's holding in *Simmons* on August 17, 2011; and since his § 2255 motion was filed within one year of that decision, it is timely.  This argument is without merit.

The Supreme Court's decision in *Dodd v. United States*,[20] clearly holds that the one-year statute of limitations for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, and not from the date on which the right is made retroactively applicable.  In that case, on April 4, 2001, petitioner Dodd filed a motion under § 2255 to set aside his conviction based on the Supreme Court decision in *Richardson v. United States* issued on June 1, 1999.[21]  On April 19, 2002, the Eleventh Circuit recognized that the *Richardson* rule applied retroactively to its decision in *Ross v. United States*.[22]  Dodd's motion was dismissed as time-barred for filing more than one year after the *Richardson* case had been decided.[23]  Dodd appealed, arguing that the statute of limitations did not begin to run until the Eleventh Circuit's decision in *Ross*.[24]

---

[19]Doc. 403 at 2.

[20]545 U.S. 353 (2005).

[21]*Id*. at 355.

[22]*Id*. at 356.

[23]*Id*. at 355.

[24]*Id*. at 356.

6

Writing for the majority, Justice O'Connor held that the text of § 2255(f)(3) "unequivocally identifies one, and only one, date from which the 1-year limitations period is measured," which is the date that the right asserted was originally recognized by the Supreme Court.[25] The Court discussed the interplay between the two clauses of § 2255(f)(3), and declared that: "if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion. He may take advantage of the date in the first clause of ¶ 6(3)[26] only if the conditions in the second clause are met."[27] Thus, the majority specifically rejected the reasoning of the dissenting Justice, "that the limitation period in ¶ 6(3) begins to run when the right asserted is made retroactive."[28]

In this case, as in *Dodd*, the statute of limitations for filing McNeill's right for relief under § 2255, based on the Supreme Court's ruling in *Carachuri*, began to run on June 14, 2010, when that opinion was issued. McNeill's contention that the one-year period could only have begun with the *Simmons* decision is in error and contradictory to the holding in *Dodd*. McNeill's § 2255 motion sought to benefit from the Supreme Court's holding in *Carachuri*, which was decided June 14, 2010. Thus, he had one year from that date within which to file his motion. Because he did not file his motion until November 14, 2011, the motion is untimely.

---

[25]*Id*. at 357.  In his dissent, Justice Stevens points out that under the majority's interpretation, Dodd would not have any opportunity to file his claim at all, because the statute of limitations had expired before Dodd's petition raising the claim could have been filed.  *Id*. at 366 (Stevens, J., dissenting).  The majority recognizes this "potential for harsh results in some cases," but contends that the Court is "not free to rewrite the statute that Congress has enacted."  *Id*. at 359.

[26]The eight paragraphs of 28 U.S.C. § 2255 have been restyled (a) through (h), effective January 7, 2008.

[27]*Dodd*, 545 U.S. at 358–59.

[28]*Id*. at 360 (Stevens, J., dissenting).

**III .     Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[29] A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[30] A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[31] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[32] For the reasons detailed in this Memorandum and Order, McNeill has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling on his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner John McNeill's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 396) is DISMISSED as untimely; McNeill is also denied a COA.

**IT IS SO ORDERED.**

---

[29] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[30] *Said v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Lennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[31] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[32] *Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

Dated: January 6, 2012

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE