# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-40053-02-JAR |
| | ) | 11-4163-JAR |
| JOHN E. McNEILL, | ) | |
| | ) | |
| Movant/Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner John E. McNeill 's Motion for Reconsideration (Doc. 406). Citing to Fed. R. Civ. P. 59(e), McNeill asks the Court to reconsider its Memorandum Order and Opinion dismissing as untimely his motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 404).

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[1] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have

---

[1] D. Kan. Rule 7.3(a).

[2] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

been raised earlier.[3]

McNeill presents no valid legal argument to warrant relief from the Court's order. Instead, he repeats arguments and allegations regarding whether he was convicted of a prior offense "punishable by a term of imprisonment exceeding one year," resulting in this Court erroneously enhancing his sentence, and whether he timely filed his motion within one year of the date when the Supreme Court's ruling in *Carachuri-Rosendo v. Holder*[4] was made retroactive by the Fourth Circuit in *United States v. Simmons*.[5]  McNeill's assertion on reconsideration that his § 2255 motion is timely is merely a rehash of his previous arguments, and is insufficient to warrant relief from judgment pursuant to Rule 59(e).  As this Court previously explained in detail, the Supreme Court's decision in *Dodd v. United States*[6] governs the circumstances of this case, and McNeill's motion is untimely.  Accordingly, McNeill's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner John McNeill's Motion for Reconsideration (Doc. 406) is DENIED.

**IT IS SO ORDERED.**

Dated: <u>April 12, 2012</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[3]*Servants*, 204 F.3d at 1012; *Brown v. Presb. Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[4]—U.S.—, 130 S. Ct. 2577 (2010).

[5]649 F.3d 237, 240 (4th Cir. 2011).

[6]545 U.S. 353 (2005).